## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

| | |
|---|---|
| JOHN MONTI, | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| v. | )    **CIVIL ACTION NO. 3:24-00740** |
| | ) |
| DR. GAAL, | ) |
| | ) |
| **Respondent.** | ) |

### PROPOSED FINDINGS AND RECOMMENDATION

On December 26, 2024, Petitioner, acting *pro se*, filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. (Document No. 1.) In his Petition, Petitioner complains that he is being unlawfully held at Mildred Mitchell-Bateman Hospital in violation of his constitutional rights. (Id.) As relief, Petitioner requests that he be released from his placement at Mildred Mitchell-Bateman Hospital. (Id.) By "Notice to Petitioner of Failure to Remit Filing Fee" entered on the same day, the Clerk of the Court notified Petitioner that within ten (10) days the Petitioner must either pay the $5.00 filing fee or submit the appropriate Application to Proceed Without Prepayment of Fees and Costs. (Document No. 2.) Petitioner, however, has failed to either pay the $5.00 or file an Application to Proceed Without Prepayment of Fees and Costs. On January 23, 2025, Petitioner filed a Notice of Change of Address indicating that he is no longer at Mildred Mitchell-Bateman Hospital. (Document No. 4.) Accordingly, the undersigned finds that Petitioner has failed to prosecute this action, and therefore, Petitioner's Section 2241 Petition in this case should be dismissed.

### ANALYSIS

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local

Rules of Civil Procedure for the Southern District of West Virginia, District Courts possess the inherent power to dismiss an action for a *pro se* Petitioner's failure to prosecute *sua sponte*.[1] See Link v. Wabash Railroad Co., 370 U.S. 626, 629, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962). Rule 41.1 of the Local Rules provides:

> **Dismissal of Actions**. When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action. The clerk shall transmit a copy of any order of dismissal to all counsel and unrepresented parties. This rule does not modify or affect provisions for dismissal of actions under FR Civ P 41 or any other authority.

Although the propriety of a dismissal "depends on the particular circumstances of the case," in determining whether to dismiss a case involuntarily for want of prosecution, the District Court should consider the following four factors:

> (i) the degree of personal responsibility of the plaintiff;
> (ii) the amount of prejudice caused the defendant,
> (iii) the existence of a history of deliberately proceeding in a dilatory fashion, and
> (iv) the existence of a sanction less drastic than dismissal.

Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). In consideration of the first factor, the Court finds that the delays in this case are attributable solely to Petitioner as the Respondent has not been required to make an appearance in this action. Pursuant to 28 U.S.C. § 1915, federal courts may authorize the commencement of an inmate's civil action *in forma pauperis* upon the inmate's filing

---

[1] Rule 41(b) of the Federal Rules of Civil Procedure provides:
> **(b) Involuntary Dismissal: Effect**. If the plaintiff fails to prosecute or to comply with these rules or any order of court, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - - operates as an adjudication on the merits.

an Application to so proceed, together with an Affidavit stating the nature of the action and Petitioner's belief that he is entitled to redress. 28 U.S.C. §§ 1915(a)(1) and (2) (2002). "Section 1915 is intended to allow qualified litigants to proceed without having to advance the fees and costs associated with litigation." DeBlasio v. Gilmore, 315 F.3d 396, 398 (4th Cir. 2003). Petitioner has not paid the requisite filing fee or filed a properly completed Application to Proceed Without Prepayment of Fees and Costs. Petitioner, therefore, is the sole cause of the delays in this action. With respect to the second and third factors, the record is void of further evidence indicating that Petitioner has a history of "deliberately proceeding in a dilatory fashion" or that the Respondent has been prejudiced by the delays in this case.

In consideration of the fourth factor, the Court acknowledges that a dismissal under either Rule 41(b) or Local Rule 41.1 is a severe sanction against Petitioner that should not be invoked lightly. The particular circumstances of this case, however, do not warrant a lesser sanction. An assessment of fines, costs, or damages against Petitioner would be unjust in view of Petitioner's failure to pay the filing fee. Moreover, explicit warnings of dismissal would be ineffective in view of Petitioner's failure to respond to the Clerk's Notice entered more than one month ago advising Petitioner that he must either pay the filing fee or file a properly completed Application to Proceed Without Prepayment of Fees and Costs. (Document No. 2.) In consideration of all factors, the undersigned concludes that dismissal for failure to prosecute is warranted. Accordingly, the undersigned recommends that this action be dismissed without prejudice unless Petitioner is able to show good cause for his failure to prosecute within 30 days of the entry of this Proposed Findings and Recommendation.

In the alternative, the undersigned finds that Petitioner's Petition should be dismissed as moot based upon his release from the placement at Mildred Mitchell-Bateman Hospital. In his

Petition, Petitioner indicates that he was being improperly held at Mildred Mitchell-Bateman Hospital on an involuntary civil commitment. (Document No. 1.); also see Muhammad v. Geo Care Justcare Dep't of Mental Health, 2011 WL 5827627, *1 (D.S.C. Nov. 16, 2011)("Where the impediment which significantly restrains Petitioner's liberty is not the result of a state criminal conviction and sentence, such as in the circumstance of . . . involuntary civil commitment of mental evaluation/treatment areas, the federal habeas corpus statute to be applied is 28 U.S.C. § 2241."), affd., 472 Fed.Appx. 160 (4th Cir. 2012); Miller v. Blalock, 356 F.2d 273 (4th Cir. 1966) (involuntary commitment for mental treatment); Gaster v. S.C. Department of Corrections, 67 Fed.Appx. 821, 2003 WL 21465454 (4th Cir. 2003)("Although Gaster originally filed the petition under 28 U.S.C. § 2254, because he challenged the constitutionality of a state civil commitment, the magistrate judge properly characterized it as a petition under 28 U.S.C. § 2241."). As relief, Petitioner requested that Dr. Gaal be compelled to release him from his placement at Mildred Mitchell-Bateman Hospital. (Id.) Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. In the context of a *habeas corpus* proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). In this case, by virtue of Petitioner's release from placement at Mildred Mitchell-Bateman Hospital, the Respondent can no longer provide the requested relief.

4

Consequently, the Court can no longer consider Petitioner's Petition under Section 2241. <u>Spencer v. Kemna</u>, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). Accordingly, Petitioner's claims are rendered moot by virtue of his release from custody and the absence of collateral consequences, and therefore, his Section 2241 Petition must be dismissed. <u>See e.g.</u>,   <u>Alston v. Adams</u>, 178 Fed.Appx. 295, 2006 WL 1194751 (C.A.4 (Va.)); <u>Alvarez v. Conley</u>, 145 Fed.Appx. 428, 2005 WL 2500659 (C.A.4 (W.Va.)); <u>Smithhart v. Gutierrez</u>, 2007 WL 2897942 (N.D.W.Va.).

### <u>PROPOSAL AND RECOMMENDATION</u>

The undersigned hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS**, that the District Court **DISMISS** Petitioner's Section 2241 Petition (Document No. 1), and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Robert C. Chambers. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v.</u>

5

Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Chambers, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Entered: February 3, 2025.



Omar J. Aboulhosn
United States Magistrate Judge